SALLY A. WEINSCHENK *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

CARL H. WEINSCHENK *vs.* SAME.

Norfolk.    November 22, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence. Railroad.*

In an action by a woman against a railroad company for personal injuries incurred
while a passenger on a train of the defendant, it appeared that, as the train
was approaching a station at which the plaintiff was to alight to take a connect-
ing train and before the brakeman had called the name of the station, the plain-
tiff started for the platform to be ready to alight, that the door of the car had
been left open by a conductor or a brakeman, apparently for purposes of venti-
lation, that as the plaintiff stepped upon the threshold there was an unusual jolt
of the car and to protect herself from falling she took hold of the jamb of the
door, and as she stepped upon the platform the door swung to and caught her
fingers, causing the injuries. *Held,* that, even if there was evidence that the
plaintiff was in the exercise of due care, which was doubted, there was no evi-
dence of negligence of the defendant.

SHELDON, J.    These were two actions of tort brought to re-
cover damages for personal injuries to the female plaintiff, the
wife of the plaintiff in the second suit.    At the trial the pre-
siding judge ruled that on the pleadings and evidence the plain-
tiffs could not recover, and ordered a verdict for the defendant
in each case ; and the cases are here on the plaintiffs' excep-
tions to that ruling.    No question, however, was raised as to the
pleadings.

There was evidence that on the evening of September 24,
1904, the plaintiffs took a train on the defendant's road at
Atlantic, for the purpose of going to Harrison Square, where

they were to change cars and take another train to Mattapan. They entered the second car of the train and took seats at the front end of the car. The train stopped at Pope's Hill, the last station before reaching Harrison Square, and there a man in uniform, either a conductor or a brakeman, opened the car door, and it remained open without swinging until the plaintiffs left the train. As the train was approaching Harrison Square, just before it stopped and before the brakeman had called the station, the husband arose from his seat and went out upon the platform to alight, and the wife followed him. Just as she stepped upon the threshold, there was an unusual jolt of the car; she felt as if she was swaying forward and going to fall, and she testified that she grabbed the first thing to protect herself, which was the jamb of the door. She stepped on the platform, and then the door closed on her fingers, causing the injuries complained of. It was a comfortably warm evening; the car was well filled; and the air in the car was very close before the door was opened. She testified that she had plenty of time to get the train which she and her husband desired to get at Mattapan; but he testified that he expected to find the connecting train already in the station, did not know how much time they had to get it but did not think it was very much, and he intended to get out without losing any time.

On this testimony, it is at least difficult to say that the female plaintiff was in the exercise of due care. The train had not reached the station, and no call of the station had been made. Trains cannot be run without some jolts, especially in stopping; and this is a matter of common knowledge. She knew that the door was open. There was no evidence that it was fastened back, or that she believed it to be fastened back; and it is generally known that the catches of car doors are not intended to hold them securely against being shut, but only to guard against their being lightly or easily moved. This is all that she would have had a right to infer even if she had believed or known that the door was held by a catch. It has been said that a passenger in a railroad car who is voluntarily standing when there are plenty of vacant seats cannot recover for an accident which it is manifest would not have happened to him if he had been sitting down. *Farnon* v. *Boston & Albany Railroad*, 180 Mass. 212,

217.. See *Worthen* v. *Grand Trunk Railway*, 125 Mass. 99 ; *Barden* v. *Boston, Clinton & Fitchburg Railroad*, 121 Mass. 426. This woman had voluntarily left the inside of the car and put herself in a position where she might be hurt if she should lose her balance by reason of a jolt of the car.

But however this may be, we do not think that there was any evidence of negligence in the defendant. The jolt of the car was described as an unusual one ; but it does not appear to have been due to any defect in track or car, or to any carelessness in the running of the train. *Timms* v. *Old Colony Street Railway*, 183 Mass. 193. *Byron* v. *Lynn & Boston Railroad*, 177 Mass. 303. Nor could it be found that the defendant was careless in the management of the door. Apparently it had been left open by reason of the closeness of the air in the car ; and the defendant was not bound to keep it from closing at a time when it was not called upon to anticipate that passengers would be standing upon the threshold or the platform. Nor could it be inferred from the mere closing of the door either that there was a defective fastening or that there had been negligence in putting the door on the catch, for the reasons stated in speaking of the plaintiff's own care. It is not a case to which the doctrine of *res ipsa loquitur* can be applied, as was done in *White* v. *Boston & Albany Railroad*, 144 Mass. 404. It does not appear that this door worked by a spring or catch, as did the window in *Faulkner* v. *Boston & Maine Railroad*, 187 Mass. 254. Nor is there anything to help these plaintiffs in *Gee* v. *Metropolitan Railway*, L. R. 8 Q. B. 161, in which a closed door opened when it ought not to have done so.

There was no evidence that the injuries of Mrs. Weinschenk were due to any negligence of the defendant.

*Exceptions overruled.*

*E. E. Elder*, (*J. G. Brackett & A. R. MacKusick* with him,) for the plaintiffs.

*C. F. Choate, Jr.*, for the defendant, was not called upon.