MARGARET McGARRY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

FRANK McGARRY *vs.* SAME.

Suffolk.    March 25, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence.    Elevated Railway.*

At the trial of an action by a passenger on a train of an elevated railway to recover
for personal injuries alleged to have been caused by negligent operation of an
iron gate on a car, there was evidence introduced by the plaintiff tending to
show that, as the plaintiff was leaving the car, walking with the rapidity usual
on leaving an elevated train and in full view of the defendant's brakeman, she
was struck by the iron gate operated by the brakeman, and that she did not see
the gate before it struck her.    *Held,* that there was evidence of due care on the
part of the plaintiff and of negligence on the part of the brakeman.

TWO ACTIONS OF TORT, the first by a passenger (who will
hereinafter be called the plaintiff) seeking recovery for injuries
received by her because of the alleged negligent closing of the
iron gate on a car of a train on an elevated railway operated by
the defendant in Boston, and the second by her husband.    Writs
in the Superior Court for the county of Suffolk dated respec-
tively April 14, 1904, and May 16, 1904.

There was a trial before *Aiken,* C. J.

The evidence introduced on behalf of the plaintiff tended to
establish that the plaintiff and her husband became passengers
on a train of the defendant at the South Station in Boston and
rode to Pleasant Street, that, on the train arriving at Pleasant
Street, the plaintiff's husband preceded her off the car, leaving
by the rear door, a centre door on the car not being in use, that
he was as much ahead of her " as anybody would be ahead of an-
other person that was getting off," that, when she went to get off,
the brakeman " threw the gate into her " and struck her on the
hip, and, as she tried to free herself, he struck her again, that
when she was struck first she was walking " the natural gait
that anybody would walk that was trying to get off an elevated
car," that she did not notice the gate before she was struck, and

remembered very little about the circumstances, only that she was struck.

The evidence introduced on behalf of the defendant tended to establish that the platforms of the car and station were lighted so that one could see plainly, that the plaintiff and one other passenger were the only passengers who, on this occasion, left by the rear door of the car in question and that neither left until after a warning gong had sounded, that a man preceded her some considerable distance and the brakeman had closed the gate on the car next behind and had had some conversation with some person on that car, and then had turned and had partially closed the gate on the car upon which the plaintiff was, when he saw the plaintiff rapidly approaching, that he thereupon held the gate momentarily without closing it further, and the plaintiff ran into it and received the injuries complained of.   It also was in evidence that the gate on the car was operated by a crank and lever attachment and not by any spring attachment.

At the close of the evidence, the defendant requested the following rulings :

1.  That on the whole evidence the plaintiff cannot recover.

2.  That there is no evidence that Mrs. McGarry was herself in the exercise of due care.

3.  That if Mrs. McGarry, while alighting from the car, walked rapidly from the car and into the gate while it was being closed without looking and without seeing the gate or the guard closing the same, then she was not in the exercise of due care and cannot recover.

4.  That if Mrs. McGarry, without looking or seeing the gate or the guard closing the same, ran into the gate while it was being closed and, in her efforts to free herself, was injured, then she was not in the exercise of due care and cannot recover.

5.  That if the plaintiff testified that she did not see the guard nor the gate before she was injured, then her testimony that the guard " threw the gate into her " was not evidence of her due care, it being a mere inference, and she cannot recover.

6.  That if she were struck a second time by the gate, then that such blow was so close to the first blow as to be a part of the *res gestae,* and her failure to look and see the guard or the gate before her injury would preclude her recovery.

The presiding judge refused to rule as requested and the defendant excepted. The jury returned verdicts for the plaintiffs.

*F. Ranney*, ( *W. E. Monk* with him,) for the defendant.

*W. R. Bigelow*, for the plaintiffs.

MORTON, J. These two cases were tried and argued together. The action by the female plaintiff, whom we shall speak of as the plaintiff, is for personal injuries received through the alleged negligence of a brakeman while getting off one of the defendant's cars at the Pleasant Street station in Boston. The other action is by her husband. The cases are here on the defendant's exceptions, which relate to matters of evidence and also to certain instructions which the court was requested to give and refused to give.

The exceptions in regard to matters of evidence have been waived. The other questions presented are the usual questions of due care on the part of the plaintiff and negligence on the part of the defendant. We think that there was evidence of due care on the part of the plaintiff and of negligence on the part of the brakeman. It was the brakeman's duty to know whether passengers were attempting to leave the car when he closed the gate and to govern himself accordingly. There was evidence warranting a finding that he was negligent in the performance of that duty. It could not be ruled as matter of law that the plaintiff was not in the exercise of due care if, while moving with the usual rapidity in order to alight from the car, she ran into the gate without observing it or the brakeman. The jury might properly find that she had a right to assume that the platform of the car would be unobstructed, and that those managing the car would exercise proper care in rendering it safe for her to alight, and it was for the jury to say whether under the circumstances she exercised due care or not. We see no error in the instructions that were given or in the refusal to give those which were requested.

*Exceptions overruled.*