EMILY A. BENTSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

CARL J. BENTSON *vs.* SAME.

Suffolk.   March 10, 11, 1909. — May 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Due care of plaintiff.   *Elevated Railway.*

A woman, who at a station of an elevated railway attempts to enter the side middle door of a car, being familiar with the working of such car doors and knowing that the door is likely, upon a given signal, to be closed by a man standing where he cannot see her to warn her after it has begun to close, and in thus attempting to enter pays no attention to ascertain whether the signal has been given or the door has begun to close before she steps on the car, is not in the exercise of due care, and, if her leg is struck by the door of the car, which had begun to close before she began to enter, she cannot recover from the corporation maintaining the car for her injuries thus caused.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries received on May 3, 1905, from being struck by an automatic door of a car on the defendant's elevated railway at

its Dover Street station in Boston, while the plaintiff was attempting to enter the car, and the second by the husband of the plaintiff in the first case for loss of her services by reason of such injuries. Writs dated respectively January 6, 1906, and July 15, 1907.

In the Superior Court the cases were tried together before *Brown*, J., who at the close of the plaintiffs' evidence ordered a verdict for the defendant in each of the cases. The plaintiffs alleged exceptions.

*P. M. Keating*, for the plaintiffs.

*E. P. Saltonstall* (*S. H. E. Freund* with him,) for the defendant.

HAMMOND, J. While the plaintiff in the first case with her child was in the act of entering the side door of one of the defendant's cars, the door in shutting struck her leg and injured her.

The case is somewhat close, but we do not think the evidence warranted a finding that the plaintiff was in the exercise of due care. She testified that she had ridden on the cars of the defendant for several years, and that she was familiar with the cars and knew about them; that she knew that "people were ordinarily supposed to get off by the centre door, . . . in the side of the car, and to get on by the . . . [end doors]"; that she knew it would be more difficult for her to get into the door where the people were getting out than it would be for her to go to the end door and get on. She further testified that she knew the doors were automatic doors and were closed by a man standing between the cars, and that after the gong had been sounded to start the train there was no other warning given that the doors were about to close. She also testified that she was not waiting for any signal of that kind but simply "followed the rest of them," that she had no thought in regard to the door, that she did not look at all before she got on the car to see whether the door had begun to close and that she knew nothing about the door until she felt it pressing against her leg. She stated that she followed two or three people ahead of her, and that nobody was pushing or shoving; and that there was " nothing ahead of her to prevent her getting in until the door struck her"; that she "didn't rely in any way, one way or the

other, on the fact that people were getting into the car, as to whether or not the door was closing"; and that she had been to other stations of the defendant and had seen "them close the doors when the people were coming up in a steady stream when it came time to close the doors, and the person nearest to the door had to wait for the next train."

It is unnecessary to recite the evidence more in detail. The plaintiff was familiar with the working of the car doors; she attempted to enter a car which she knew was liable to be closed, at a given signal, by a man standing where he could not see her to warn her after it had begun to close; and she attempted to do this without paying any attention as to whether the signal had been given or the door had begun to close before she began to step on the car. It is plain that the door had begun to close before she began to enter, and that if she had paid the least attention to its movements she would have seen that movement. On this question of the due care of the plaintiff the case is materially different from *McGarry* v. *Boston Elevated Railway*, 195 Mass. 538, *Kelly* v. *Boston Elevated Railway*, 197 Mass. 420, and cases there cited, and *Hilborn* v. *Boston & Northern Street Railway*, 191 Mass. 14.

It becomes unnecessary to consider the question whether there was evidence of the negligence of the defendant. The second case must fall with the first. In each case the order must be ·

*Exceptions overruled.*