CLEMENTINE E. SILVA vs. BOSTON AND MAINE RAILROAD.

Essex.   November 3, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.  Railroad.  Carrier.  Evidence*, Presumptions and burden of proof.
*Practice, Civil*, Ordering verdict.

In an action by a woman against a railroad corporation for injuries from having
one of her fingers caught between the door jamb and the door of a car from
which she was about to alight, if it appears that the train had stopped at the
station which was the plaintiff's destination, that the door had been thrown open
by a brakeman and the plaintiff had heard it catch, and that the plaintiff was
following closely behind another passenger, who also was leaving the car, when
she put her hand on the door jamb to guard herself from slipping as she went
down the steps from the platform of the car and the door slammed to upon her
finger, the question whether the plaintiff was in the exercise of due care in put-
ting her hand upon the door jamb is for the jury.

In an action against a railroad corporation for personal injuries sustained while the
plaintiff was a passenger on a train of the defendant, evidence, which it was
said by the court would have been insufficient to show negligence on the part
of the defendant if the plaintiff had been a servant of the defendant, was held
to be sufficient to show a failure of the defendant to exercise the degree of care
which as a carrier it owed to the plaintiff as a passenger.

In an action by a woman against a railroad corporation for injuries from having
one of her fingers caught between the door jamb and the door of a car from
which she was about to alight, it appeared that the train had stopped at the sta-
tion which was the plaintiff's destination, that the door had been thrown open by
a brakeman and that the plaintiff had heard the click of the catch, which was
designed to hold the door back and prevent its being moved lightly or easily, that
the plaintiff put her hand on the door jamb to guard herself from slipping as she
went down the steps from the platform of the car, and that the door slammed
to upon her finger.  From the testimony of the plaintiff and of a witness who
was with her at the time of the accident it might have been found that no out-
side cause and the act of no third person had anything to do with the closing
of the door upon the plaintiff's finger.  The car was standing still and there was
no jolt or jar nor so far as appeared was there any gust of wind or draft to loosen
the door from its catch.  *Held*, that the jury could find that if the catch had
worked properly the accident would not have occurred, and that, if they so
found, they could draw the inference that there was some defect in the construc-
tion of the door or in the catch or in the adaptation of the parts to each other,
so that the accident could have been found to have happened by reason of the
failure of the defendant's appliances to work as they were designed to work and
as they should have worked, and that this, being left unexplained, would war-
rant an inference of negligence on the part of the defendant; or that it might
have been found that the brakeman had neglected to push the door firmly
against the catch so as to secure it properly, although the plaintiff heard the
click of the catch and thought that it had caught; therefore, that there was

evidence for the jury of negligence toward the plaintiff as a passenger for which the defendant would be responsible.

In an action of tort for personal injuries in which the presiding judge at the close of the plaintiff's evidence ordered a verdict for the defendant, and which comes to this court upon the plaintiff's exceptions to that ruling, if it is difficult to understand upon the statement of the evidence introduced by the plaintiff how the accident could have happened, this affords ground for the contention that the real facts were not what the plaintiff asserted them to be, which is a contention to be presented to the jury, and is not a ground on which this court can sustain the refusal to submit the case to the jury.

TORT for injuries sustained by the plaintiff on July 30, 1906, at the station of the defendant at Gloucester, when the plaintiff was a passenger upon a train of the defendant, from having the index finger of her left hand caught between the door jamb and the door of the car from which she was about to alight. Writ dated September 20, 1906.

In the Superior Court the case was tried before *Raymond*, J. The plaintiff testified that in July, 1906, she was nineteen years of age, and was living in Gloucester; that just previous to the accident she had been working as a housemaid in Magnolia; that on July 30, 1906, she bought a ticket and boarded the 6.29 P. M. train at Gloucester, to go to Magnolia to get some clothing which she had left at her place of employment; that she got in the rear car of the train and sat on the right hand side near the rear of that car.

Among other things, she further testified as follows: " When the car got to Magnolia the brakeman called ' Magnolia ' and slammed the door open. I waited until the car stopped and I got out. There was a lady ahead of me and he helped her out. . . . Q. When you passed through the door what did you notice with reference to the door? A. I noticed the door was fastened back because the brakeman threw the door open when he hollered ' Magnolia,' and just as I went out the door slammed to. . . . — Q. What was there, if anything, to take hold of going down the steps of the car or on the platform of the car? A. I didn't notice anything. I happened just to come out, and my hand happened to get on this side when I was going down, so I could protect myself from slipping, and I had my hand on the side of the door when the door slammed to. . . . Q. The brakeman opened the door? A. Yes, sir. — Q. Pushed the door back? A. Yes, sir. — Q. Pushed the door clear back? A. Yes,

sir. — Q. You saw him do that? A. Saw him open the door. — Q. Did you hear the catch when you were back in your seat? A. Yes. — Q. You were sitting at the rear of the car? A. About five seats from the rear of the car. — Q. And the car was quite a long car? A. Yes, sir. — Q. And that left a dozen or fifteen seats ahead of you? A. Yes, sir. — Q. You heard the brakeman push the door back and heard it catch? A. Yes, sir. — Q. Then you were sitting in your seat at that time, and thereupon you got out after sitting there a couple of minutes, and you walked to the front of the car and the door was still open? A. Yes, sir. — Q. Some passenger got out ahead of you? A. Yes, sir. — Q. Did you watch her as she walked along the aisle? A. Yes, sir. — Q. See what she did when she got to the door? A. No, sir. — Q. You didn't look at the door, did you? A. No, sir. — Q. You walked out on to the platform? A. Yes, sir. — Q. And the car was then at a standstill? A. Yes, sir. — Q. There wasn't any motion of the car? A. No, sir."

One Dolant, a young man who knew the plaintiff and who sat beside her in the same seat in the train until it reached Magnolia, testified " that he didn't notice anything in regard to the slamming of the door, and didn't see how it happened. . . . Q. Then as she walked down the aisle you kept your eye on her all the time? A. Yes. — Q. All the time? A. Yes. — Q. She walked down slowly? A. Yes. — Q. Then you saw her get out on the platform? A. Yes. — Q. Saw her turn around to go down the stairs? A. Yes. — Q. Kept your eye on her all the time? A. Yes. — Saw her turn around to the left and go down the steps? A. Yes. — Q. Saw her take one step down? A. Yes. — Q. Saw her put her hand up on the door before she started to go down the steps? A. Yes. — Q. When did she put her hand up on the door, when she started to step down? A. Yes. — Q. Then the next thing you knew the door came to? A. Yes. — Q. You didn't see the door shut on her finger? A. No. — Did the girl get down off the steps? A. Yes. — Q. You didn't see the door shut or anything of the kind? A. No."

At the conclusion of the evidence submitted by the plaintiff, the judge ruled that upon the evidence the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

It was agreed by counsel that if the ruling of the judge was correct, judgment should be entered for the defendant, and that if the judge was in error in not submitting the case to the jury, judgment should be entered for the plaintiff in the sum of $400.

*F. H. Tarr*, for the plaintiff.

*H. F. Hurlburt, Jr.*, for the defendant.

SHELDON, J. The question of the plaintiff's due care was for the jury. She waited for at least a sufficient time before getting up from her seat and starting to leave the car. She went out in the ordinary way. It is contended that it was negligent for her to rest her hand upon the door jamb without looking to see where she had put it. But if we assume that her conduct is now to be judged as if she had looked and seen that her hand was liable to be injured if the door should close upon it, we are yet of opinion that this question was for the jury. The door had been opened and "slammed back" by the brakeman, evidently for the purpose of allowing passengers to leave the car. She testified that she heard the door catch when the brakeman opened it. It is, to be sure, as was said in *Weinschenk* v. *New York, New Haven, & Hartford Railroad*, 190 Mass. 250, a matter of common knowledge that the catches of a car door are not intended to hold them securely against being shut, but only to guard against their being lightly or easily moved. She must be taken to have known this fact. But she knew also that the car was at rest, that the door had been opened and caught back after the train had stopped, for passengers to go through; she knew that no sudden jolts or jars, such as might happen to a moving car, were to be apprehended; and she might rely somewhat upon the fact that the door had been opened for her to pass through, and had been caught back so that it could not be lightly or easily moved. She followed closely behind another passenger who also was leaving the car. She was not bound to expect the door to be shut quickly, as in *Hines* v. *Boston Elevated Railway*, 198 Mass. 346; *Bentson* v. *Boston Elevated Railway*, 202 Mass. 377; *Maddox* v. *London, Chatham & Dover Railway*, 38 L. T. (N. S.) 458; *Richardson* v. *Metropolitan Railway*, L. R. 3 C. P. 374 n.; and *Metropolitan Railway* v. *Jackson*, 3 App. Cas. 193. Under such circumstances it was not

necessarily negligent for her to put her hand upon the door jamb in order to guard herself from slipping as she went down the steps.    The case as to this question comes within the principle of *Carroll* v. *Boston & Northern Street Railway*, 186 Mass. 97; *Gee* v. *Metropolitan Railway*, L. R. 8 Q. B. 161, and *Fordham* v. *London, Brighton & South Coast Railway*, L. R. 3 C. P. 368.

The question whether there was evidence of negligence on the part of the defendant or its servants is a more difficult one. There was evidence that the brakeman pushed the door well back, so that it was heard to catch.    There was no evidence that it was insecurely fastened, and no evidence of any defect or improper construction or of any incorrect or inexact adjustment of the door or its catch or of any part of the apparatus by which it was caught and fastened, unless by inference from the fact that the door shut upon the plaintiff's hand without any apparent cause when it ought not to have done so.    If this were an action by a servant of the defendant for his injuries, it is clear upon our decisions that there would be a failure of proof and that the plaintiff could not recover.    *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75.    *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338.    *Curtin* v. *Boston Elevated Railway*, 194 Mass. 260. But the defendant owed to this plaintiff a higher degree of care than could have been required by one of its own servants.

In *Carroll* v. *Boston & Northern Street Railway*, 186 Mass. 97, a recovery was allowed for the act of the conductor of a street car in pushing the car door upon the plaintiff's hand.    But that case, as well as *Fordham* v. *London, Brighton & South Coast Railway*, L. R. 3 C. P. 368, and *Gee* v. *Metropolitan Railway*, L. R. 8 Q. B. 161, has no bearing here except upon the plaintiff's due care, to which they have been already cited.

In *Faulkner* v. *Boston & Maine Railroad*, 187 Mass. 254, it was held that the mere fact of the open window of a railroad car falling upon a passenger's hand does not show negligence of the company.    The bolt of the window in that case worked by a spring; and there was no evidence of any defect in the window or its catch.    The court considered the fair inference to be that the accident was caused by the negligence of the person who opened the window in not raising it far enough for the bolt to catch completely; and there was nothing to show that that

person was not a passenger for whose negligence the defendant was not responsible. But in the case before us it was the defendant's brakeman who opened the door; and but for the plaintiff's testimony that she heard the bolt catch, which it is contended negatived negligence on the part of the brakeman, the reasoning of the opinion in the Faulkner case would support the contention of the plaintiff here.

In *Weinschenk* v. *New York, New Haven, & Hartford Railroad*, 190 Mass. 250, it was held that negligence of the defendant could not be found where the door of a car had shut upon the fingers of a woman going through it. But there the train was in motion at the time; the closing of the door was due to a jolt of the car not sufficient to constitute negligence in the defendant (*Foley* v. *Boston & Maine Railroad*, 193 Mass. 332; *Hunt* v. *Boston Elevated Railway*, 201 Mass. 182, 185); and the defendant had no reason to anticipate that the plaintiff would go upon the platform of the car before the train stopped. In all these respects, which are the points upon which the case turned, the circumstances of that case differed from those which we are now considering; and it fairly may be inferred that the plaintiff there would have been allowed to recover if her injury had happened by the unexplained closing of the door after the train had stopped and the door had been opened for her exit and apparently secured by the brakeman.

In *Hines* v. *Boston Elevated Railway*, 198 Mass. 346, it appeared that the plaintiff was a passenger standing near the side door of a crowded car on the elevated railway. To protect a young child in her charge, when a number of passengers were being hurried into the car through that door from the platform of a way station, she put out her hand and placed it on the jamb of the door. The guard on the station platform closed the door and it crushed her fingers. It was held that these facts showed no negligence on the part of the defendant. But it was the guard's duty to close the door; he did not see the plaintiff; and he had no reason to anticipate that his action would result in any injury to her. There is nothing in that decision to prevent the plaintiff here from recovering.

In *Hunt* v. *Boston Elevated Railway*, 201 Mass. 182, the court held that because of the lack of further evidence negli-

gence of a railway company could not be inferred from the fact that a sliding door at the end of its car closed upon the fingers of a passenger in passing around a curve, the passenger having grasped the casing of the door to support him. " There is no evidence," said the court, " to show what caused the door of the car to be free from the latch. That may have been as attributable to the act of a fellow passenger in opening the door for ventilation, entrance or exit, as to the act of any person for whom the defendant was responsible." In the case at bar, if it could be found that the closing of the car door was not due to the act of any one for whom the defendant was not responsible, the reasoning of that opinion would tend to favor the plaintiff's contention.

The decision in *Cashman* v. *New York, New Haven, & Hartford Railroad*, 201 Mass. 355, does not help the defendant. The injury there was caused by the act of the defendant's servant in closing an elevator door upon the plaintiff's hand; but he was doing only what the plaintiff knew it was his duty to do, and he did not know and had no reason to anticipate that his act would cause injury to the plaintiff. That case comes well within the rule of *Hines* v. *Boston Elevated Railway*, 198 Mass. 346 ; and *Bentson* v. *Boston Elevated Railway*, 202 Mass. 377, comes under the same rule. See also *Richardson* v. *Metropolitan Railway*, L. R. 3 C. P. 374, n. ; *Metropolitan Railway* v. *Jackson*, 3 App. Cas. 193 ; *Maddox* v. *London, Brighton & South Coast Railway*, 38 L. T. (N. S.) 458.

On the testimony of the plaintiff and the witness Dolant the jury might have found that no outside cause and the act of no third person had anything to do with the closing of the door upon her finger. There was no jolt or jar, and no gust of wind or draft, so far as appears, to loose the door from its catch. The catch ought, as was said in *Weinschenk* v. *New York, New Haven, & Hartford Railroad*, *ubi supra*, to have held the door against being lightly or easily moved. If it had worked properly, the jury could find that the door would not have shut and the accident would not have occurred. If they so found, they could draw the inference that either there was some defect in the construction of the door or the catch, or in the adaptation of the parts to each other, or that the brakeman had neglected to

push the door firmly against the catch so as to secure it properly. In either case, they could find negligence for which the defendant would be responsible.

We do not consider that the testimony of the plaintiff that she heard the click of the catch when the brakeman opened the door is conclusive against a finding of negligence on his part. The clicking sound might have been caused by the parts simply coming into contact with each other without having become engaged together. But if this were not so, we are still of opinion that the jury might have found the defendant to have been negligent in the first respect that we have stated. If this accident happened without the intervention of any one for whose conduct the defendant was not responsible, and by reason of the failure of its appliances to work as they were designed to work and as they should have worked, this, if left unexplained, would warrant an inference of negligence on its part. *White* v. *Boston & Albany Railroad,* 144 Mass. 404. *Hebblethwaite* v. *Old Colony Street Railway,* 192 Mass. 295. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367. *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491.

It is indeed difficult to understand, upon the evidence introduced by the plaintiff, how this accident could have happened ; and there is much room for the contention that the real facts were not what she asserted them to be. But this contention would be for the jury and not for us.

In the opinion of a majority of the court, the plaintiff's exceptions must be sustained ; and in accordance with the agreement of the parties judgment in the sum of $400 must be entered in her favor.

*So ordered.*