ADEN H. KELLOGG *vs.* BOSTON AND MAINE RAILROAD.

Essex. November 9, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Exceptions. *Pleading, Civil,* Variance. *Negligence. Railroad. Carrier.*

In an action of tort for personal injuries, where the presiding judge, at the request of the defendant, ruled that upon all the evidence the plaintiff could not recover and ordered a verdict for the defendant, upon the argument of exceptions alleged by the plaintiff it is not open to the defendant to contend that the verdict

was ordered properly because there was a fatal variance between the cause of action alleged in the declaration and the evidence, no question upon the pleadings having been raised by the ruling requested by the defendant on which the verdict was ordered.

In an action of tort against a railroad corporation for personal injuries sustained from the plaintiff's hand being caught by the door of a car swinging to and closing upon it as the plaintiff was about to alight from a train of the defendant on which he was a passenger, it appeared on the plaintiff's evidence that, when the train had come to a stop at the station where the plaintiff was to alight, the brakeman or the baggage master opened and pushed back the door of the car upon the metal catch, which closed and should have held it in place, that only one passenger, who did not touch the door, preceded the plaintiff in passing out and that as the plaintiff followed, although he did not come in contact with the door, it became unfastened and closed upon and injured his hand. It also appeared by the plaintiff's evidence that when the car stopped it was inclined somewhat away from the side on which the hinges of the door were placed, and the defendant contended that this tilting of the car created an unusual strain sufficient to explain the opening of the catch. *Held,* that there was evidence of due care on the part of the plaintiff, who had the right to assume that reasonable precautions had been taken to enable him to leave the car in safety, that the jury, in the light of their common experience and knowledge, could have found that unless the catch was in some way defective it would have worked properly, and that, if the defendant stopped the car for the discharge of passengers where there was such an inclination of the tracks that a due regard for the safety of passengers required that some additional precaution should be taken to prevent the unexpected closing of the doors after they had been opened and caught back, it was a question of fact whether the accident would have happened if this duty had been performed properly; so that the case was one for the jury.

TORT for an injury sustained on November 7, 1907, when the plaintiff was a passenger on a train of the defendant, from the plaintiff's hand being caught by the door of a car swinging to and closing upon it when he was about to alight from the train at the Franklin Park station of the defendant in that part of Saugus called Cliftondale. Writ dated February 15, 1908.

In the Superior Court the case was tried before *Lawton,* J. At the close of the plaintiff's evidence the defendant asked the judge to rule that upon all the evidence the plaintiff could not recover. The judge so ruled and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*M. F. Cunningham,* for the plaintiff.

*D. E. Hall,* for the defendant.

BRALEY, J.  It is urged by the defendant that as the declaration contained no general allegation of negligence but only the specific averment that the defendant provided an insufficient

and improper door fastener, there was a fatal variance between the cause of action alleged and the proof.  But no question of pleading was raised by the request on which a verdict was ordered in its behalf, and the question for decision is, whether there was any evidence which would have warranted a verdict for the plaintiff.  *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78.

The plaintiff was a passenger and, when the train came to a stop at the station where he was to alight, the brakeman or baggage master announced the station, opened and pushed back the door of the car upon the metal catch, which closed and should have held it securely in place.  In passing out but one passenger, who did not touch the door, preceded him, and as he followed and stepped over the threshold, the door, although he did not come in contact with it, unclasped and closing caught and injured his hand.  It would follow that the plaintiff was injured while taking his departure under conditions established by the carrier, and had the right to assume that reasonable precautions had been taken to enable him to leave in safety, and if the accident happened as described by him, a finding that he exercised ordinary care would have been justified.  *Carroll* v. *Boston & Northern Street Railway*, 186 Mass. 97.  The defendant provided the device and used it while passengers were making their exit.  The car was at rest, and there having been no unusual jolt or intervening cause ordinarily incident to this mode of travel which unloosed the door, the jury, judging from their common experience and knowledge, could have found, that unless the catch was in some way defective it would have worked properly and the door would not have instantaneously closed.  *Silverman* v. *Carr*, 200 Mass. 396, 398.  *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, 574.

But the defendant, relying on the plaintiff's evidence that when the car stopped it was somewhat inclined from the side on which the door was hinged, contends that this slight shifting of the centre of gravity created an unusual strain sufficient of itself to explain the mechanical action of the catch. Yet even then the sufficiency of the catch was a question of fact.  *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536. The jury might have been satisfied that if suitable, it would not

have yielded to the strain, but still would have prevented the door from being easily moved. *Weinschenk* v. *New York, New Haven, & Hartford Railroad,* 190 Mass. 250. The defendant moreover had the absolute control of the movement of its passenger trains. If it chose to stop them for the discharge of passengers, where, because of the physical character of the location of the tracks, a due regard for their safety required that, when the train stopped and they were leaving the car, the doors, when opened and held back, should be so confined as to prevent their unexpectedly closing, it was a question of fact whether the accident would have happened if this duty had been properly performed. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 287.

We are unable for these reasons to distinguish in principle the case at bar from *Silva* v. *Boston & Maine Railroad,* 204 Mass. 63, where our previous decisions bearing upon the questions raised are collected and reviewed.

*Exceptions sustained.*