JOSEPH COLLETTO, RESPONDENT, v. HUDSON AND MAN-
HATTAN RAILROAD COMPANY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The plaintiff's case shows that he was a passenger on the
defendant's car; that the car was so crowded that there were
no seats to be had, and he was standing near the door.

"As the car approached a station the guard opened the
door, and, as the car was passing around a curve in the track,
the plaintiff was thrown off his balance, and in order to save
himself from falling, put his hand against the jamb of the
door, and that closing, because of the swing of the train, his
hand was caught and the injuries produced for which this suit
was brought. The testimony shows that these doors slide in
a groove in the sides of the car, and that when in place there
is a catch which will hold the door so that it will not move
because of any ordinary motion of the train. It further ap-
peared that this car was examined the next day and the lock
or catch was found to be in good order, and the uncontra-
dicted testimony is that if the door had been pushed far
enough open, it would have been locked in that position. The
plaintiff has a judgment, from which the defendant has ap-
pealed because the trial court refused to nonsuit or to direct
a verdict for it.

"The first point argued is, that the nonsuit should have
been granted for want of proof of negligence on the part of
the defendant, because, as it is argued, there is no proof of
any extraordinary jerk or lurch of the car, and that the door
closed because such a thing was likely to happen if the door
was not properly locked. We think it may properly be in-
ferred from the testimony that unless fastened the door was
liable to close when the car was running around a curve, even
if there was no unusual lurch, and that to prevent this the

defendant company had provided the car with a lock or catch to hold the door in place, and that this accident occurred because the guard neglected to properly fasten the door.

"We think the case was open to a finding that the negligence of the defendant was in failing to throw the door far enough open so that the lock would hold it in place, and that with knowledge to be imputed to it that the door would not stay in place during ordinary operation unless it was properly held by the latch; the duty arose to so fasten the door as to prevent its movement during ordinary operation of the car.

"The appellant cited two cases which we think not applicable, viz., *Hannon* v. *Boston Railroad Co.*, 65 *N. E. Rep.* 809, where the passenger was inside of the car as it drew up to the platform and put his hand on the glass of the door so that when it was opened by the guard standing on the station platform, the plaintiff's hand was caught, and in *Cashman* v. *New York, New Haven and Hartford Railroad Co.*, 87 *Id.* 570, where the plaintiff's hand was pushed between the door and the jamb of an elevator as the guard was closing. In both of these cases the act of the plaintiff in putting his hand in a dangerous place was the proximate cause of the accident, while, in the present case, the negligence of the defendant was in not properly fastening the door which he knew was required to be held in place when the train was moving around a curve. We think the trial judge properly refused both motions.

"The second point is, that the plaintiff was guilty of contributory negligence as a matter of law. To this we cannot accede, for, according to the plaintiff's case, the car was crowded with passengers and he was required to stand near the door, and, because he was in such a position, it became necessary, on account of the sudden motion of the car, to steady himself, and he had a right to assume that the door was properly fastened, and if it was, what he did was perfectly safe.

"The judgment should be affirmed."

For the appellant, *Collins & Corbin.*

For the respondent, *David F. Edwards.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For reversal*—None.