## JOHN LEBAN v. RANGE RAPID TRANSIT COMPANY AND ANOTHER.[1]

April 9, 1926.

No. 25,135.

**Question of negligence for jury.**

1. Plaintiff, while a passenger on a motor bus the seats of which were reached only through doors on the right side, was standing preparatory to alighting at the next stop. Someone else opened the door through which he was to alight. Thereupon, he steadied himself by placing his hand on the door jamb. It was seriously injured because the bus was driven so close to a parked automobile that the door, coming in contact therewith, was violently closed. There is evidence that the bus company customarily permitted its passengers to stand preparatory to alighting, to open doors before the bus was stopped and even to alight while it was still in motion. Under those circumstances the question of defendant's negligence *held* to be for the jury.

**Question of contributory negligence for jury.**

2. Although considered a close question, the issue of contributory negligence also *held* to be for the jury, because of the custom permitted by the bus company with respect to the opening of doors and the alighting of passengers before stopping.

Carriers, 10 C. J. p. 856 n. 91; p. 1066 n. 72; p. 1068 n. 84; p. 1075 n. 29; p. 1077 n. 41; p. 1096 n. 39; p. 1159 n. 86.

Action in the district court for St. Louis county to recover for personal injuries. The case was tried before Freeman, J., and a

[1]Reported in 208 N. W. 533.

jury which returned a verdict in favor of plaintiff. Plaintiff appealed from an order granting defendants' motion for judgment notwithstanding the verdict. Reversed.

A. *Feldman*, A. A. *Trost* and *Victor E. Essling*, for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan*, for respondents.

STONE, J.

Action for personal injuries received by plaintiff while a passenger on a motor bus owned by defendant Range Rapid Transit Company and driven by defendant Pernu. After a verdict for plaintiff, defendants moved in the alternative for judgment notwithstanding or a new trial. The motion for judgment was granted and plaintiff appeals.

The seats of the bus extended the full width of the body. They were reached by passengers through doors opening on the right side. The doors were hinged on the front side so that in opening they swung outward and forward and in closing, backward and inward. Plaintiff occupied one of the rear seats, another man being seated between him and the door. There is evidence that it was the custom for passengers desiring to alight to give the chauffeur notice to that effect simply by standing as they were nearing their destination. There is also evidence from which the jury could have found that it was customary for passengers to open the doors before the bus came to a full stop and at times to alight while the vehicle was still in motion. It was plaintiff's intention to alight at a regular stopping place in Eveleth. Someone, unidentified by the record, opened the door before the bus stopped. In swinging towards the curb to make the stop, the bus was driven so close to a parked automobile that the open door was struck and violently closed.

In the meantime plaintiff had arisen in his place to signal the driver his intention to alight and to be ready to disembark when the bus stopped. In his left hand he carried his dinner pail and that is the only explanation put forward as to why he didn't support himself by resting his left hand on the back of the seat in front of him and closely against which he was standing. Available

for his support at his right was the back of the seat he had just occupied. He did not use it, but instead with his right hand grasped the frame of the open door in front of him; his hand over and around the jamb and stop so that when the door closed his fingers were caught and seriously injured, the damages being assessed by the jury at $3,000.

1. The learned trial judge doubted whether there was sufficient proof of defendant's negligence to make a case for the jury, but his direction of judgment non obstante was based upon what he considered plaintiff's contributory negligence as a matter of law. We are of the opinion that the question of defendants' negligence was for the jury. It might be otherwise were it not for the evidence that it was customary for the bus drivers to permit the doors to be opened while the bus was in motion and to remain open until after the stop was made. There is at least room for difference of opinion as to what due care required of the driver to prevent going so close to wayside obstacles as to bring them in contact with a projecting open door. The chauffeur's responsibility for his employer's property seems to require that much, to say nothing of his obligation to passengers who, it appears, were somewhat in the habit of using the open doors for egress while the machine was still in motion.

2. To absolve plaintiff from negligence would be impossible if he were subject to the same requirement of care as the transit company. Of the latter as a common carrier the highest degree of care was required for the safety of its passengers. Of plaintiff, on the other hand, only an ordinary degree of care for his own safety was required. In that distinction lies the escape, if there be any, from the reasoning of Brehm v. A. T. & S. F. Ry. Co. 111 Kan. 242, 247, 206 Pac. 868, 871, 25 A. L. R. 1056, applied in a "door" case: "in the sense that the defendant was negligent, plaintiff was likewise negligent; and if defendant is held by such subtle strictness to the consequences of negligence, the plaintiff with much less subtlety must likewise be held guilty of contributory negligence." Because of the difference in the required degrees of care, it is frequently easier to prove negligence of the carrier than of the passenger. Silva v. Boston & M. Railroad, 204 Mass. 63, 90 N. E. 547.

It is the law that "a passenger is not justified in incurring risks unnecessarily, however rare the chances may be that he will suffer by it." Hickey v. Boston & L. Railroad, 14 Allen, 429, 432, followed and applied to a door case in Shaughnessy v. Boston & M. Railroad, 222 Mass. 334, 110 N. E. 962, Ann. Cas. 1918C, 376. Plaintiff with commendable honesty and his counsel with an equal degree of candor refrain from referring his injury to a sudden jolt or lurch of the bus. On his own testimony plaintiff placed his hand in what must be conceded a position of danger, deliberately and only to steady himself until the bus stopped. That purpose would have been as well served by taking hold with his right hand of the back of the seat from which he had just arisen, or by shifting his dinner pail to that hand and grasping the back of the seat in front of him with his left. If that were the whole case, it might be impossible to escape the conclusion that plaintiff was contributorily negligent as a matter of law.

But there is another element which appears to us controlling. It has been referred to already. It consists of the practice of allowing passengers to open the doors whenever they saw fit (some alighting through them while the bus was still in motion), and permitting them to remain open until after the stop. That practice required of the chauffeur an added element of care to protect passengers against the increased danger resulting from the practice. One added hazard was the violent closing of a door from contact with a wayside obstruction. So there is in the case an element of invitation, or rather the record is open to that view from the jury standpoint, which prevents us from putting out of view the idea that a passenger, standing as was the custom and about to alight, might have considered himself safe from injury through the sudden and violent closing of a door, the assumption on his part being that the machine would be so operated as not to bring the door in contact with an outside obstruction. Because of that, triers of fact might reason that plaintiff was lulled into a sense of security, and might have considered his hand safe (he probably did not consider it at all— but we cannot be governed by that), in a position that otherwise

would have been dangerous. There is nothing to indicate that the street was not smooth and the bus being slowed down preparatory to a smooth stop. So we have been brought, with some difficulty it must be confessed, to conclude that the issue of contributory negligence was for the jury.

We have given much thought to the numerous precedents, particularly the "car door" cases, which have been cited to us. As long ago as 1868 they were considered to "run, very fine" so that even then it was "not easy to determine what is a sufficient case to be left to a jury." Keating, J., in Fordham v. London, B. & S. C. Ry. Co. L. R. 3 C. P. 368 (372). There is a clear distinction between the cases where the plaintiff, by a sudden lurch or swinging of the vehicle, was thrown "off balance" and laid hold of a door or door jamb to prevent a fall, and those where he deliberately and without any excuse of emergency placed his hand or other portion of his person in the position of danger. In the former contributory negligence is not found as a matter of law. Simonds v. M. & St. L. R. Co. 87 Minn. 408, 92 N. W. 409; Colletto v. Hudson & M. R. Co. 90 N. J. L. 315, 100 Atl. 200; McCurrie v. Southern Pac. Co. 122 Cal. 558, 55 Pac. 324; Larson v. Boston Elev. Ry. Co. 212 Mass. 262, 98 N. E. 1048; Dorn v. C. R. I. & P. Ry. Co. 154 Iowa, 140, 134 N. W. 855. In the latter class of cases, the result usually is otherwise. Brehm v. A. T. & S. F. Ry. Co. supra; Texas & Pac. Ry. Co. v. Overall, 82 Tex. 247, 18 S. W. 142; L'Hommedieu v. D. L. & W. R. Co. 258 Pa. St. 115, 101 Atl. 933; Brineger v. L. & N. R. Co. 24 Ky. L. R. 1973, 72 S. W. 783. The question was considered "extremely doubtful" under the circumstances of Shaughnessy v. Boston & M. Railroad, supra.

The instant case is a close one. It must stand on its own facts, prominent among them being "conditions established by the carrier," or at least permitted by it, which possibly led plaintiff to believe that "reasonable precautions" would be taken to "enable him to leave in safety" in the manner chosen by him. Kellogg v. Boston & M. Railroad, 210 Mass. 324, 96 N. E. 525. We consider it a case where plaintiff was not "necessarily negligent." Silva v. Boston & M. Railroad, supra. Decision cannot be controlled by such cases

as Benedict v. M. & St. L. R. Co. 86 Minn. 224, 90 N. W. 360, 57 L. R. A. 639, 91 Am. St. 345, and Block v. C. M. & St. P. Ry. Co. 132 Minn. 118, 155 N. W. 1072. There is absent from them but present here the element of the *permission by defendants* of a dangerous custom of passengers and the possible omission of due care to protect them in following it.

The order for judgment is reversed and the case remanded for the entry of judgment for plaintiff on the verdict, subject of course to such further action as may be had on the motion of defendants for a new trial.

So ordered.