MARY HARRINGTON *vs.* AMOS R. LITTLE & others, trustees.

CHARLES A. HARRINGTON *vs.* SAME.

Suffolk.     December 1, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Elevator, Contributory.

Where, at the trial of an action of tort against the proprietor of an office building for personal injuries received by one rightfully using an elevator therein, there was evidence that, as the plaintiff was leaving the elevator, the door closed, injuring him; that such closing was due to the facts that the operator did not, as was usual, hold the door back while passengers were alighting, and that, unless it was held back, it would close, it was proper to deny a motion that a verdict be ordered for the defendant, and findings that the plaintiff was in the exercise of due care and that the operator of the elevator was negligent were warranted.

TWO ACTIONS OF TORT. Writs dated, respectively, December 9 and December 12, 1927.

In the Superior Court, the actions were tried together before *Greenhalge,* J. Material evidence is described in the opinion. Motions by the defendants that verdicts be

ordered in their favor were denied. There were verdicts for the plaintiffs in the sum of $3,000 and $100 respectively. The defendants alleged exceptions.

*J. F. Cavanagh,* for the defendants.

*R. T. Bushnell, (J. H. Vahey* with him,) for the plaintiffs.

CARROLL, J. These are actions of tort. The first is by Mary Harrington, hereinafter called the plaintiff; the second is by her father to recover for medical expenses. The plaintiff was employed on the seventh floor of the Little Building in Boston. She was a passenger in one of the elevators. At the seventh floor, when the elevator stopped, the operator opened the door of the elevator cab and also the outside or floor door. The plaintiff testified in effect that " when he [the operator] opened that door I just went to take a step out and lifted my foot up "; that as she was stepping from the elevator the floor door suddenly closed and struck her. A lever was used to open the floor door and it was " the custom of the operator . . . to hold his hand on that door when it is open . . . . While the passengers are getting out." It could have been found that when the outside door was opened it would gradually close unless kept open by means of the lever. There was evidence by the defendants that there was no defect in the elevator or its appliances; that as the plaintiff was about to leave the elevator the outside door was open, that the plaintiff struck her nose against the edge of the door. The defendants moved for a directed verdict in each case. The jury found for the plaintiffs.

The jury could have found that the floor door was open when the plaintiff was about to leave the elevator; that it was customary to hold this door back by means of the lever to prevent the door from closing; that unless the door was kept open by the operator by holding the lever the door would close. Apparently no one touched the lever but the operator. On the evidence in the case, with proper inferences to be drawn therefrom, the jury could say that the floor door closed as the plaintiff was alighting; that this closing was caused by the failure of

the operator to control the lever; that the injury to the plaintiff resulted from this negligence. If the operator negligently closed the door, causing the injuries to the plaintiff before she had fully alighted, the defendants could be found to have been negligent; and if the door closed because the operator did not hold the lever in place according to the practice, the same result would follow. See *Toohy* v. *McLean,* 199 Mass. 466; *Silva* v. *Boston & Maine Railroad,* 204 Mass. 63. The plaintiff, the jury could have found, was in the exercise of due care. *Kellogg* v. *Boston & Maine Railroad,* 210 Mass. 324, 326. The motions for directed verdicts were denied properly. There was no error in the conduct of the trial.

*Exceptions overruled in each case.*