## Picard, Appellant, *v.* The Ridge Avenue Passenger Railway Company.

147        195
21 SC ² 10

*Negligence—Street railways.*

The fact that the conductor of a street car is inside the car when it has slowed up at a street crossing to permit a passenger to ascend, is no evidence of negligence on the part of the railway company.

*Contributory negligence—Boarding a car in motion.*

A passenger who attempts to get on board a street car, especially if it is in motion, and the conductor inside, must be held to a reasonable degree of care.

*Nonsuit—Contributory negligence—Evidence.*

In an action against a street passenger railway company for personal injuries, the plaintiff is properly nonsuited when he testifies as follows: "I was standing at the look-out corner . . . . and I signaled the driver to stop. He stopped the car; by the time it came to me it had a little speed, but was moving so little that it would not be noticed. I was facing the left hand side of the car coming down, placed my left hand on the hand rail and my right foot on the step, when I heard the break go off, and before I had firm footing the car moved, pulled me along and broke my arm; I was dragged a short distance."

Argued Jan. 11, 1892. Appeal, No. 307, Jan. T., 1891, by plaintiff, from judgment of nonsuit by C. P. No. 1, of Philadelphia Co., Sept. T., 1887, No. 250. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass by Sylvan Picard against the Ridge Avenue Passenger Railway Company to recover damages for personal injuries. The facts appear in the opinion of the Supreme Court. At the trial before BIDDLE, J., the court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was the refusal to take off the nonsuit.

*Frederick Carroll Brewster, Jr.*, for appellant, cited Stager v. Pass. Ry. Co., 119 Pa. 74; Sanford v. Hestonville etc. Ry. Co., 136 Pa. 92; Fisher v. Ry. Co., 131 Pa. 297; Miller v. Bealer, 100 Pa. 583; Hill v. Trust Co., 108 Pa. 1; McGrann v. Ry. Co., 111 Pa. 171; Eppendorf v. R. R. Co., 69 N. Y. 195.

*J. Howard Gendell*, for appellee, cited Stager v. R. W., 119 Pa. 70; Reddington v. The Traction Co., 132 Pa. 154.

PER CURIAM, January 25, 1892.

We are of opinion that the plaintiff was properly nonsuited by the court below. According to his own statement he had no case. He says in his testimony: "I was standing at the look-out corner of Twenty-first and Ridge road, when the car came down the Ridge, and I signaled the driver to stop. He stopped the car. By the time it came to me it had a little speed, but was moving so little that it would not be noticed. I was facing the left hand side of the car coming down, placed my left hand on the hand-rail and my right foot on the step, when I heard the brake go off, and before I had a firm footing the car moved, pulled me along, and broke my arm. I was dragged a short distance."

We fail to find in this statement any evidence of negligence on the part of the defendant company. It is absurd to suppose that the mere taking off the brake of a slowly moving horse car would give it such a jerk at starting as would break a man's arm. It may be that a prudent man would attempt to board a moving car, but it ought to be understood that he does so at his own risk. If, as was alleged, the conductor was inside the car at the time of the occurrence, it was not evidence of negligence on the part of the company. He cannot be on the platform at all times. His duty requires him to pass inside frequently to collect the fares. A passenger who attempts to get on board a car, especially if it is in motion, and the conductor inside, must be held to a reasonable degree of care. We would seriously inconvenience the traveling public were we to hold that the car should come to a dead stop until every passenger who gets on is seated. It would delay travel on street cars very seriously. Regard must be had, in all such

cases, to the habits of passengers and their reasonable convenience. The unfortunate injury which the plaintiff sustained, in this instance, was manifestly the result of his own want of care.

Judgment affirmed.