IDA H. HERBICH (BY NEXT FRIEND), DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted July 6, 1900—Decided November 12, 1900.

The starting of a trolley car before an infant passenger, who is in her mother's care, has been seated, is not, in itself, a negligent act.

On error to Essex Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *Vredenburgh & Garretson.*

For the defendant in error, *George M. Titus* and *Louis Hood.*

The opinion of the court was delivered by

GUMMERE, J. The case presented by the plaintiff, who was a very young child, was that she was thrown from an electric car of the defendant company, after she had entered

it as a passenger in the charge of her mother, by the negligence of the employes who were operating it, and was very seriously injured. The negligence alleged was that the car was started before she had been afforded an opportunity to be seated; and, further, that it was started with a sudden and violent jerk. There was a judgment for the plaintiff, and this writ of error is sued out to test its validity.

In disposing of the case it will be necessary to consider but one of the numerous assignments of error which have been filed, namely, the refusal of the trial judge to charge the jury that "the starting of a car before a passenger is seated is not negligence."

Not only was this request refused, but it was left to the jury to say whether it was negligence to start a car while the plaintiff was on her way to a seat.

I think that the refusal to charge this request was error. It is a matter of common experience that thousands of people daily ride in these cars without being seated, and that their doing so is unaccompanied by any danger; that while they are doing so the cars are stopped and started again at every street corner, with perfect safety to such travelers. It may, perhaps, be that a greater degree of care in the starting of a car is required when some of the passengers are standing than when they are seated, but it is no part of the duty of these companies to refuse to carry on their cars more passengers than can be seated therein, or to delay starting them while any of such passengers remain standing. And this is equally true in the case of a child *non sui juris*, accompanied by and in the care of its parent, as in that of an adult.

The judgment below should be reversed.