HARRIET R. SMITHERS *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Common Carriers—Personal Injuries—Negligence—Contributory Negligence—Evidence—Due Care—Railway Company—Steps or Running-board of Car must be reasonably safe—Unavoidable Accident.*

1. The preponderance of evidence depends not upon the number of witnesses, but upon the weight of the testimony.

2. The law imposes upon common carriers of passengers the duty of providing safe cars, and of keeping them in good repair and safe condition; and of doing all and every the things with respect to these matters that may be reasonably necessary to secure the safe transportation of their passengers from place to place, and their safe departure from the cars when they have reached their destination.

3. A railway company in letting its passengers on and off its cars is bound to use all reasonable care to secure their safety.

4. The platforms and steps, or running-boards, of a railway car are the proper and usual means by which passengers are expected to enter and depart from the cars, and a passenger has a right to assume that such means are reasonably safe for the purposes for which they are used, provided he did not know, or by the exercise of ordinary care could not have known, that they were not.

5. The plaintiff having alleged as the negligence of the company that the company permitted the step of the car to be so weak, broken and insufficiently secured that it gave way beneath her when she was departing from the car, the jury must be satisfied, in order for the plaintiff to recover, that her injuries were caused by such unsafe condition of the step; and the jury must be also satisfied that the plaintiff had no knowledge of such unsafe condition of the step, or any information or warning from which she could have known it.

6. But if the jury believe that the step of the car was in a reasonably good and safe condition at the time of the accident to the plaintiff, or believe the injuries of which the plaintiff complains were caused by her own negligence, or were the result of an unavoidable accident, their verdict should be in favor of the defendant.

(*June* 3, 1907.)

JUDGES GRUBB and PENNEWILL sitting.

*Levin Irving Handy* for plaintiff.

*Walter H. Hayes* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTION ON THE CASE (No. 35, November Term, 1906), to recover damages for personal injuries alleged to have been sustained by the plaintiff while in the act of leaving a car of the defendant company, as a passenger, at Hillcrest, near Wilmington, on October 1, 1906. Said injuries were alleged to have been caused by the negligence of the defendant, in providing a car with a broken and splintered step which went down with the plaintiff as she stepped upon the same and threw her violently upon the ground, breaking one of the bones of her left arm and bruising and jamming her left wrist, elbow and shoulder, from which injuries permanent disability resulted.

The plaintiff described the manner in which the accident occurred, as follows: "When I stepped on it it went down like a see-saw, and as I stepped off, it went down; when I took one foot off it and my weight went all on to the other foot it went down and threw me off." The plaintiff further testified that when she was lifted from the ground by some men who were standing on the rear platform of the car, the conductor of the car remarked, "I told you the step was broken," although he had theretofore made no reference to the step; that she then looked at the step and saw that it was "splintered down and loose at the end."

The defendant company contended that the step of the car was in perfect condition at the time of the accident, and that the injuries to the plaintiff were occasioned by her own negligence in attempting to alight from the rear end of the car where the step was some distance from the ground, after being told by the conductor to step to the forward end of the car, where there was a wooden platform alongside of the track, which was a safe place to enter and leave the car.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff to recover damages for injuries which she sustained in an accident that occured while in the act of leaving a car of the Wilmington City Railway Company, the defendant, at a place called Hillcrest, in this county, on October 1, 1906, and which injuries she alleges were caused by the negligence of the defendant company. The specific act of negligence upon which the plaintiff relies is that the step of the car she was using was permitted by the company to be in an unsafe and insecure condition, so that when she stepped thereon it went down and threw her forward on the ground, causing the breaking of a bone in her arm, hurting and bruising her in other respects, and also shocking her nervous system, so that, on account of her injuries, she suffered and still does suffer much pain, and is incapacitated from doing the work and performing the duties she was accustomed to do, and was able to do, before the accident.

The defendant denies that the step of the car was unsafe or insecure, and insists that it was, at the time of the accident, in good condition, and not broken, splintered or loose from the car. It contends, therefore, that it was not guilty of any negligence that caused the accident, and says that if there was any negligence it was that of the plaintiff and not of the company.

It is admitted in this case, that the trolley car in use by the plaintiff at the time and place of the accident complained of was then and there operated by the defendant company, and that the said company was then and there lawfully entitled to operate said car.

To enable the plaintiff to recover in this action she must have satisfied you by a preponderance of the evidence, that the negligence which caused the accident, if any there was, was the negligence of the defendant. The burden of proving such negligence is upon the plaintiff. If the defendant was guilty of no negligence, it is entitled to your verdict, no matter what injuries

the plaintiff may have received or what caused them.   The preponderance of evidence depends not upon the number of witnesses, but upon the weight of the testimony.

It is not disputed in this case that the defendant company was, at the time of the accident, a common carrier of passengers for hire, and that the plaintiff was rightfully on the car of the company as such passenger.   We must instruct you, therefore, as to the respective rights and duties of such common carrier and passenger.

The law imposes upon common carriers of passengers the duty of providing safe cars, and of keeping them in good repair and safe condition; and of doing all and every the things with respect to these matters that may be reasonably necessary to secure the safe transportation of its passengers from place to place, and their safe departure from the cars when they have reached their destination.

A railway company in letting its passengers on and off its cars is bound to use and exercise all reasonable care to secure their safety.   A common carrier, such as a railway company, is not an insurer of the safety of its passengers, but it is required to exercise the highest degree of care and diligence that is reasonably practicable in securing their safety, by keeping its cars and appliances in a safe condition.

On the other hand there is a duty resting upon the passenger to act with prudence, and to use the means provided for her transportation with reasonable discretion and care in getting on or off the car; and if her negligent act contributes in bringing about the injury of which she complains, she cannot recover.

Reasonable care is such care as a person of ordinary prudence would take under similar circumstances to avoid accident.   The care should in all cases be in proportion to the risk incurred.

The platforms and steps, or running-boards, of a railway car are the proper and usual means by which passengers are expected to enter and depart from the car, and a passenger has a right to assume that such means are reasonably  safe for the pur-

poses for which they are used, provided he does not know, or by the exercise of ordinary care could not have known, they were not.

The plaintiff in her declaration has alleged, as the negligence of the defendant company upon which she bases her action and relies for recovery, that the company suffered and permitted the step of the car she was using to be so weak, broken and insufficiently secured that it gave way beneath her when she was standing on it in the act of departing from the car.

In order for the plaintiff to recover, therefore, she must have satisfied you that her injuries were caused by reason of the step being unsafe and insecure as she has alleged. If the step was not weak, broken and insufficiently secured, but was in a reasonably safe condition; or if the plaintiff's injuries were not caused thereby, she cannot recover. This is necessarily so because there arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured. She cannot recover unless it has been shown to your satisfaction that her injuries were caused by the negligence of the defendant. And such negligence is not to be presumed, but must be proved, and the burden of that proof is upon the plaintiff.

When the testimony is conflicting it is the duty of the jury to reconcile it if they can, but if they cannot they should accept that which they consider most worthy of credit and belief. In estimating or determining the credibility of witnesses the jury may consider their opportunities of learning the facts concerning which they speak, their apparent fairness and freedom from bias, their manner upon the stand, and any other facts and circumstances, disclosed by the evidence, which tend to show their reliability or unreliability.

If you are satisfied from the weight of the evidence in this case that the step of the car from which the plaintiff fell, or was thrown, was in an unsafe and insecure condition, as averred by the plaintiff, and that her injuries were caused thereby; and shall also believe that the plaintiff had no knowledge of the un-

safe condition of the step, or any information or warning from which she should have known it, she would be entitled to recover, provided she was exercising reasonable care and caution at the time she was injured.

But if you are not satisfied that the step was in such condition as the plaintiff alleges, and, on the contrary, believe it was in a reasonably good and safe condition at the time of the accident to the plaintiff; or if you believe the injuries of which the plaintiff complains were caused by her own negligence, or were the result of an unavoidable accident in which no one was negligent, your verdict should be in favor of the defendant.

If you find for the plaintiff, your verdict should be for such an amount as would reasonably compensate her for the injuries she has sustained, including therein her pain and suffering and all disability that has resulted therefrom.

The jury disagreed.