KATHARYN STRAIGHT *vs.* UNITED ELECTRIC RAILWAYS CO.
ARTHUR STRAIGHT *vs.* SAME.

APRIL 20, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   These are actions of trespass on the case for negligence in which a jury, trying the cases together, found for plaintiff Katharyn in the sum of $850 to compensate her for personal injuries and for plaintiff Arthur, husband of Katharyn, in the sum of $71 for disbursements. The cases are here upon defendant's exceptions to the action of the trial court in refusing (1) to grant his motion for direction of a verdict and (2) to grant his motion for a new trial.

The declaration bases defendant's liability upon the sudden starting of a trolley car operated by defendant company upon which Katharyn was a passenger.   As a result of such starting she claims to have been thrown violently upon the floor of the car.

The testimony showed that she was a woman thirty-five years of age, in normal physical condition, that she boarded by the rear entrance a Broad street car in the center of the business district of Providence on June 6, 1923, at about 10:30 a. m. The car was of the closed type requiring two steps by the passenger to ascend from the ground to a vestibule; from this vestibule it was necessary to step up six to eight inches to reach the floor of the car upon which the seats were placed. The entrance to the body of the car was wide, without stanchions or other appliances to be taken hold of by passengers stepping from the vestibule to the body of the car. The car was not filled, the conductor stood in the rear vestibule and there was no obstruction to prevent plaintiff from passing directly from the vestibule to a seat in the body of the car. Her testimony shows that she had fully and firmly reached the vestibule floor and was on her way into the body of the car, that she had stepped upon the car floor with her right foot and had her left foot raised from the vestibule floor to follow when the car started "suddenly" and "with such a jerk" that it "threw" her so that it was "impossible to catch" herself; that she fell upon her hands and knees, and finally upon the car floor, at the edge of the rise from the vestibule floor to the floor of the body of the car. There was no evidence that her position balanced upon her right foot when the car started was noticed by the conductor, nor was there any evidence relative to a starting signal given by him. Other than as above there was no testimony from which could be deduced any unusual or extraordinary jolt or jerking in the starting of the car. Several witnesses for the defence testified that they felt none.

At the close of the evidence defendant moved for a directed verdict on the ground that there was no evidence of negligence in the starting of the car. The trial court held correctly that it was not the duty of the company to hold the car still until the passenger was seated but that the company's duty was not to start its car until a boarding passenger had reached a position of safety. *Adams* v.

*U. E. Ry. Co.*, 128 Atl. 197 (46 R. I. 312). No attention, however, was paid by the court to the manner of starting the car and the proposition was laid down in discussion with counsel and to the jury that the question of fact to be determined was whether a passenger passing from the vestibule to the body of the car as described by the plaintiff had reached a position of safety. In the opinion of the trial justice she had not. During the argument on defendant's motion the court stated that it saw no difference between the present case and one where a car was started while a passenger had one foot on the ground and one foot on a step leading to the vestibule of the car. He thought the case likewise resembled a situation where the passenger after placing both feet on the first step was in the act of stepping up to the vestibule floor; in both of these cases he said it was a question for the jury whether the passenger had reached a place of safety before the starting of the car. Pursuant to such view the court instructed the jury that the question of liability was to be determined by the jury's decision whether the plaintiff had reached a place of safety when the car started. In our opinion there is no analogy between this case and that where a passenger has one foot on the car step and the other on the ground when the car is started. In such a case the mere starting of the car with knowledge of or reasonable cause to know of the situation is negligence and the manner of starting is immaterial. *South Covington St. Ry. Co. v. Heinrich,* 186 S. W. 187. It is conceivable that it might be a question for the jury whether a passenger climbing the steps leading to the vestibule floor has reached a place of safety. Upon this we express no opinion. It has, however, been held in all jurisdictions to which our attention has been directed that a passenger who has solidly placed both feet upon the vestibule floor has reached a place of safety in the absence of any unusual circumstances such as age, infirmity, crippled condition, incumbrance with packages, carrying a small child, *etc.* No such circumstances here existed nor was there anything

about the plaintiff's appearance to cause the conductor to consider her any less capable than an ordinary passenger to care for herself. The vestibule platform of a trolley car is ordinarily a place of safety. Passengers in the present day of traffic congestion expect the car to start when they reach the vestibule; they expect there may be some jolt or jerk in starting; they govern themselves accordingly and injuries seldom occur from starting a car while the passenger is in the vestibule. The passenger's right is only that the starting shall not be unusually violent or reckless. *Adams* v. *U. E. Ry. Co., supra.* The adoption of any other rule would involve intolerable delays in traffic. Sound reason and public convenience alike sanction the view that it is not negligence merely to start a car after a passenger has firmly placed both feet upon the vestibule platform even though that passenger is known to be on his way to the body of the car and that it will be necessary to take an upward step from the vestibule to reach such body. *Sharp* v. *New Orleans City Ry. Co.,* 35 So. 614 (1903 La.); *Brocato* v. *United Rys. and El. Co. of Baltimore,* 129 Md. 572 (1917); *Martin* v. *Boston E. Ry. Co.,* 216 Mass. 361; *Sauvan* v. *Citizens El. St. Ry. Co.,* 197 Mass. 176.

The liability of defendant therefore was determined by the jury by answering a question already settled in defendant's favor as a matter of law. The real question of fact regarding liability was whether there was anything unusual or extraordinary in the manner of starting the car. The evidence on this question is not altogether satisfactory. It is susceptible of interpretation in favor of defendant. But it is conceivable that plaintiff's evidence might be construed as her attempt to convey the impression of a more violent or jerky start than ordinarily occurs. If that is what she means to claim there is a question for the jury and if a jury should accept her story as against that of defendant's witnesses she might be entitled to recover. Because the parties have never had a trial of the only issue of fact upon which liability could be predicated, the approval of

the verdict by the trial justice can not aid plaintiff. We think, however, it would be improper to direct a verdict at this time and that the cases should be retried in the light of the law as here stated.

In each case the defendant's exception to the denial of its motion for a new trial is sustained and its exception to the denial of its motion for direction of a verdict is overruled. Each case is remitted to the Superior Court for a new trial.

*Michael F. Costello, Francis J. O'Brien,* for plaintiffs.
*Clifford Whipple, Earl A. Sweeney,* for defendant.