GEORGE J. VIGLAS *vs.* BOSTON, REVERE BEACH AND LYNN
RAILROAD COMPANY.

Suffolk.    December 3, 1929. — January 29, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Railroad, Res ipsa loquitur.    *Evidence*, Presumptions and
burden of proof.

At the trial of an action of tort against a railroad corporation for per-
sonal injuries sustained by a passenger on one of its trains, there was
evidence that, as the train approached a terminal station going "a
little faster than ordinary," the plaintiff left his seat in a car and
approached the door leading to the platform; that he knew the train
was about to stop; that, while he was putting out his hand to take
hold of the door to protect himself, the train stopped quickly, throw-
ing him onto his hands and knees; that, while he was attempting
to get up, the train gave several jerks which threw him back about
four or five feet; and that the "length" of each jerk was two or three
feet.    *Held*, that
  (1) The doctrine *res ipsa loquitur* was not applicable;
  (2) The jolts and jerks which caused the plaintiff's fall did not
appear to be of such unusual severity as to warrant a finding that
they were due to negligence on the part of the defendant's employees;
  (3) The evidence did not warrant a verdict for the plaintiff.

TORT.    Writ dated June 30, 1925.

Material evidence at the trial in the Superior Court be-
fore *Donahue*, J., is stated in the opinion.    The judge de-
nied a motion by the defendant that a verdict be ordered
in its favor.    The jury found for the plaintiff in the sum of
$4,070.    The judge reported the action for determination
by this court.

*T. Kelly*, for the defendant.

*W. B. Sullivan, Jr.*, for the plaintiff.

PIERCE, J.    This is an action of tort to recover dam-
ages for injuries, sustained by the plaintiff while a passen-
ger on one of the defendant's trains, due to the alleged
negligence of its agents and servants.    The case was tried
to a jury and a verdict was returned for the plaintiff.    At

the close of the evidence the defendant moved for a directed verdict; the motion was denied and the defendant duly excepted. By agreement of parties the judge reported the case to this court with all the material evidence and with the stipulation "that if a verdict should have been directed for the defendant, judgment shall be entered for the defendant. If there was no error in submitting the case to the jury, judgment shall be entered for the plaintiff on the verdict."

The plaintiff testified that at nine o'clock in the evening of March 6, 1925, as a passenger for hire, he and his friend James J. Pappas took a train of the defendant at Playstead Station for Boston; that it was a very bad night, raining and snowing; that the train consisted of six or seven cars with a combination baggage and smoking car at the rear; that the baggage compartment, which was in the front part of the car, was about eight feet long and separated by a partition from the smoking compartment; that from the smoking compartment there was a door out to the car platform and a door into the baggage room, and there was a door from the baggage room out to the other platform; that he and his friend got on the train through the front platform and door, walked through the baggage compartment into the smoking part of the car and sat in a seat three or four feet from the partition between the compartments; that as the train was coming into the terminal at East Boston he, with Pappas and other passengers, got up, and, holding his valise in his right hand, followed Pappas into the baggage compartment; that the door from the baggage compartment to the front platform was open and Pappas walked through and, having hold of the railing, stood on the car platform; that the plaintiff was about three feet from the door to the outside platform and was just making a motion to take hold of the side of the door partition; that he knew that the car was about to stop and was putting his hand out "to catch hold of the side of the door to protect himself"; that at that minute the train stopped so quickly that he lost his balance and fell forward; that his hands went just across the threshold on the outside platform

and his knees went right down on the iron threshold; that the jerk took place when he was putting his hand out and did not have hold of anything; that while he was attempting to get up the train made four or five more jerks and threw him back about four or five feet on the floor of the baggage compartment.            •

James J. Pappas, a witness for the plaintiff, testified that as the train neared the East Boston station it was going faster than it did when it was approaching the other stations; that it "was going a little faster than ordinary"; that as he walked through the baggage compartment and onto the outside platform the train was going fast and jolted back and forth three or four times; that it shook the train a little bit; that the length of each jerk was two or three feet. There was no further evidence as to the force of the jerks or to the effect that any passenger or person on the train, other than the plaintiff, was disturbed, jostled or affected by the jerks.

These circumstances did not warrant the submission to the jury of the issue of the defendant's negligence. This is not a case to which the doctrine of *res ipsa loquitur* can be applied.

It is common knowledge that the operation of steam railways is necessarily accompanied by some measure of jolts, jerks and lurches, especially observant at crossovers; and that such jars are inevitable even in the exercise of the highest degree of care by the carrier which is consistent with the reasonable transportation of passengers. There are no facts in evidence which, directly or inferentially, import that the jolts and jerks which caused the fall of the plaintiff were unusual and to such an extent out of the ordinary that the jury reasonably could find that they were due to negligent management of the train. *Byron* v. *Lynn & Boston Railroad*, 177 Mass. 303. *Weinschenk* v. *New York, New Haven & Hartford Railroad*, 190 Mass. 250. *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335.

We do not find it necessary to decide whether the conduct of the plaintiff in leaving his seat and placing himself in a position where he might be hurt if he should lose his

balance by a jolt of the car was negligent as matter of law.

The motion for a directed verdict for the defendant should have been granted. In accordance with the stipulation it follows that "judgment shall be entered for the defendant."

*So ordered.*