## Kennedy, Appellant, *v.* Philadelphia Rapid Transit Company.

Argued October 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Philip Campbell,* with him *Victor Frey,* for appellant.

*Jay B. Leopold,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

This appeal in a trespass case is from the refusal of the court below to sustain a motion to strike off a non-suit.

The statement of claim sets forth that the defendant's motorman operated one of its cars, on which plaintiff was lawfully a passenger, in such a careless and negligent manner that the car gave "a sudden, unusual and extraordinarily violent jolt or jerk," which caused her to be thrown against an iron railing.

The plaintiff, the only witness in the case, was about 68 years of age at the time of the accident. On November 8, 1937, she boarded a standing trolley car at the south-east corner of 18th and Shunk Streets, Philadelphia. In explanation of the manner in which her injuries were sustained, she testified as follows:

"Q. You stepped on the step and then stepped on the platform?

"A. Yes; I had one foot on the platform.

"Q. Then what happened?

"A. Then he gives the car one sudden jerk around. I run all the way through to save myself from falling, and I fell up against the iron bars, where people gets off. I put one foot up and the other one to go through to take a seat."

In cross-examination she testified as follows:

"Q. I understood you to say, Miss Kennedy, that as the car started up you had one foot on the platform?

"A. Yes.

"Q. And the other foot you had put up onto the floor of the car?

"A. On the floor of the car is right.

The following appears in her re-direct examination:

"Q. And as this car started forward, you say you

were thrown forward. How many steps were you thrown forward?

"A. Well, right from the front step like—you see, I had one foot down on the low step and the other one up, and the car jerked around, and then, of course, that gave me an awful shock.

"Q. How many steps were you thrown forward, do you know?

"A. Well, I couldn't say how many steps."

The appellant's "Statement of Question Involved" is confined to the legal proposition that, as the evidence disclosed a premature starting of the car, which resulted in her injuries, the case was for the jury. She set forth in her paper book that, as no affidavit of defense was filed, the issue raised is limited to the averments in her statement of claim which does not contain any allegation of a premature starting.

Accepting, as true, plaintiff's testimony as to how this accident occurred, the evidence did not inherently establish that the starting of the car was of an unusual and extraordinary character, nor was there proof of its effect on other passengers: *Smith et ux. v. Pittsburgh Rwys. Co.*, 314 Pa. 541, 171 A. 879. It is said in *Cutler v. Phila. Rapid Transit Co.*, 319 Pa. 351, 352, 179 A. 434, that it must be shown that "the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation." Even if plaintiff's statement of claim had alleged that her injuries were due to a premature starting of the car the evidence was insufficient to entitle her to a verdict. Her own testimony is not very helpful in determining her exact position on the car when it started, but she does quite definitely fix it as having been fully and fairly on the car. In such circumstances the motorman was not required to wait until plaintiff reached a seat before starting the car. Such a rule would result in materially slowing up traffic, especially in our larger

cities, and would seriously inconvenience the traveling public: *Picard v. The Ridge Avenue Passenger Rwy. Co.*, 147 Pa. 195, 23 A. 566. A passenger must anticipate that the car may start before he is seated and that its movement may be sudden: *Laub v. Phila. Rapid Transit Co.*, 97 Pa. Superior Ct. 323, 327.

The plaintiff, having failed to carry the burden that the law imposed upon her of clearly establishing that her injuries were due to conduct upon the part of defendant that constituted negligence, was not entitled to recover. The learned court below, in our judgment, very properly entered a non-suit.

Judgment affirmed.