JAMES CANNON *v.* DELAWARE ELECTRIC POWER CO.

(*December* 29, 1941.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Francis A. Reardon* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, November Term, 1941.

LAYTON, Chief Justice:

The plaintiff, a passenger for hire on a bus operated by the defendant, sued to recover damages for personal injuries occasioned by the negligence of the defendant's operator. The second count of the declaration charged that "while the plaintiff was in the aisle of the bus walking to a seat," the defendant negligently "started the said bus too suddenly before the said plaintiff had reached a place of safety in said bus and caused the said bus to back into an automobile which was parked directly behind the said bus thereby causing the plaintiff to be thrown" against some fixture.

The defendant demurred. It contends that the allegation that the bus was started before the plaintiff had reached a place of safety does not state a cause of action; and, moreover, that the phrase "too suddenly" is ambiguous.

A plaintiff, in calling upon another to respond in damages resulting from his act or omission, must set forth the default, not in language that is vague or by terms that are general, but fully and fairly, so that the defendant may be informed with reasonable certainty of what he is required to meet. *Campbell v. Walker, 1 Boyce 580, 76 A. 475.*

The adverbial phrase, "too suddenly" is used in immediate connection with the averment that the plaintiff was in the aisle of the bus walking to a seat, and before the plaintiff had reached a place of safety. Fairly construed, the sense of the averment is that a seat in the bus was the place of safety relied upon, and that the starting of the bus before the plaintiff had reached that haven was a too sudden, or negligent act.

Negligence may be the omission to do that which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or the doing of something which such man would not do. Reasonable men govern their conduct by the circumstances which are before them or are known to them. Reasonable foresight of harm is essential in the concept of negligence. The rules of human conduct, which we call the law, are pretty much as the people in general want them to be. The general public, in travel by street car or the more modern bus, demands rapid transportation. Thousands ride in public conveyances without being seated, for the reason that they do not view the practice as inherently dangerous. They expect some jolt or jar in starting, and govern themselves accordingly. They expect only that the

starting shall not be recklessly or violently done. It may be said, therefore, that the general public sanctions the starting of the conveyance when the passenger is fully and fairly within it even though it is known that he has not seated himself, because they foresee no reasonable probability of danger in so doing. Hence, the principle, based as it is said, on sound reason as well as public convenience, that it is not negligence to start the conveyance while the passengers are standing within it or are on their way to a seat, *Picard v. Ridge Ave. Pass. Ry. Co.*, 147 *Pa.* 195, 23 *A.* 566; *Hill v. West Penn Rys. Co.*, 340 *Pa.* 297, 16 *A.* 2d 527; *Herbich v. North Jersey St. Ry. Co.*, 65 *N. J. L.* 381, 47 *A.* 427; *Straight v. United Electric Rys. Co.*, 46 *R. I.* 383, 128 *A.* 571; *Martin v. Boston Elevated Ry. Co.*, 216 *Mass.* 361, 103 *N. E.* 828; *O'Callahan v. Wichita Transportation Corp.*, 150 *Kan.* 280, 92 *P.* 2d 23; *Scott v. Cunningham*, 161 *Va.* 367, 171 *S. E.* 104. This is a reasonable view in the absence of special circumstances requiring the exercise of greater care.

This brief discussion and announcement of principle has been thought necessary, even though the plaintiff disavows this theory of liability, for the reason that it is an entirely admissible theory under the language of the declaration, and because the plaintiff insists that it is the duty of carriers to carry passengers safely, a duty which is not to be sacrificed to keep pace with new modes of transportation.

 The plaintiff's theory of liability is that the defendant was negligent in that the operator of its bus started the conveyance suddenly and backward and caused it to collide with an automobile parked in its rear. This is a possible construction of the language, but it is by no means a necessary construction. The word "sudden" is a word of somewhat varied meaning. It may have the significance of "quick," "rapid," "unexpected," "without previous notice,"

or "with very brief notice"; or its use may be fairly suggestive of abrupt, precipitate, rash, or even violent action. *Lovell v. Williams Bros., (Mo. App.)* ˉ50 *S. W.* 2d 710. The adverbial phrase "too suddenly" implies a precipitate or violent starting; and the defendant would be liable if it started the bus with such violence that a passenger in the exercise of reasonable care was injured. Moreover, it is the duty of operators of motor vehicles on public highways to exercise due care to avoid collision with other vehicles lawfully thereon. This duty requires, of course, that they keep a proper lookout for the presence of other vehicles; and they, in general, are bound in law to see that which is plainly visible. The backing of the bus into a car parked in its rear, prima facie at least, was a negligent act; and it is quite possible that the plaintiff was thrown from his feet by the impact of the bus with the parked car quite apart from the manner in which the bus was started. It is possible, moreover, that the sudden starting backward, considered as an unexpected happening, or the sudden starting and impact, considered as one event, caused the injury. The vice òf the count is that it embraces more than one theory of default.

The demurrer is sustained.