LESLIE W. WINTER V. THE PENNSYLVANIA RAILROAD COMPANY, a Corporation of the Commonwealth of Pennsylvania.

(*March* 9, 1948.)

PEARSON, J., sitting.

*James R. Morford* (of the firm of Marvel and Morford) for plaintiff.

*Henry Van Der Goes* (of the firm of Southerland, Berl and Potter) for defendant.

PEARSON, J.:

The substantial question is whether plaintiff has alleged a cause of action against defendant for injuries sustained when a train car door closed on plaintiff's hand while he was about to go from one car to another. The declaration discloses that plaintiff boarded a train in defendant's railroad station in Wilmington. After the train started, he discovered that it was bound for a different destination than he had intended. When the conductor learned this,

he offered to have the train stopped to let plaintiff off at defendant's yards near Wilmington so that he might return to the passenger station to take the next train for his destination. The conductor directed plaintiff to follow him to the front of the train, and then proceeded forward and opened the forward door of the coach in which plaintiff was riding. On passing through the door, the conductor left it "open and unsecured in any way so as to prevent said door slamming shut upon a sudden lurch, jolt or sway of the coach". Plaintiff followed the conductor after a short interval occupied in assembling his business papers. He passed through the open doorway and in stepping upon the outer platform of the coach, placed his left hand upon the door jamb to steady himself. At about this time, defendant's "employee, in charge of the operation of said train, acting upon the direction of the conductor to stop the train * * * to allow the plaintiff to descend, * * * proceeded to bring the train to a stop by suddenly checking the speed thereof, thereby causing the coaches * * * to lurch, jolt and sway and thereby causing said open door to slam shut with great force upon plaintiff's left hand", seriously injuring it.

Plaintiff charges that defendant, through its agents and employees, was negligent in the following respects:

"1. By opening said coach door and leaving the same open and unsecured and then so controlling the movement of the train as to cause a lurch, jolt or sway of the coaches thereof, thereby causing said door to slam shut, when the defendant, by and through its agent and employee, knew or should have known that the plaintiff, while passing through said open and unsecured door, was in danger of being struck thereby.

"2. By failing to warn the plaintiff of the danger of his being struck by the closing of such open and unsecured

door upon the lurching, jolting or swaying of the coach and by then so controlling the operation of its train as to cause the coaches to lurch, jolt and sway.

"3. By failing to close said door after opening the same, said open door, following the direction of the defendant's conductor to follow him as aforesaid, being an invitation to the plaintiff to pass therethrough.

"4. By failing to secure said door after opening the same so that the same would not slam shut upon the lurching, jolting or swaying of the coach and by then so controlling the operation of its train as to cause the coaches to lurch, jolt and sway.

"5. By inviting the plaintiff to follow its conductor to a point of exit in the forward part of the train without providing the plaintiff, as a fare paying passenger, with safe equipment and facilities, so as to enable him, without danger to himself, to comply with such intivation, in that the forward door of the coach in which the plaintiff was riding as aforesaid, and the fastenings thereof, were so constructed and in such state or condition, that said door, upon its being left open by the defendant's conductor as aforesaid, would not stay in such position upon the occurrence of a lurch, jolt, sway, or other sudden movement of the coach, but, on the contrary, would slam shut violently, such state or condition of the defendant's equipment and facilities being to the plaintiff unknown."

Defendant assigns various causes of demurrer, including the assertion that the counts of the declaration fail to disclose a cause of action.

To withstand the challenge of the demurrer, the declaration must set forth facts showing that defendant was negligent with regard to plaintiff and that plaintiff's injury resulted from such negligence. Defendant as a car-

rier owed plaintiff as a passenger a duty to exercise reasonable care to secure his safety while transporting him. What amounts to reasonable care in such a situation (where no applicable standards of conduct are specifically fixed by some governing rule) depends upon the circumstances of the situation. Defendant is not an insurer, and no presumption of negligence arises from the mere fact that plaintiff was injured while on defendant's train. *Benson v. Wilmington City Ry. Co.*, 1 *Boyce* 202, 75 *A.* 793; *Smithers v. Wilmington City Ry. Co.*, 6 *Penn.* 422, 67 *A.* 167. From all that appears, it must be assumed that plaintiff was a man not suffering from physical infirmities, or otherwise incapacitated to exercise reasonable prudence and caution as a passenger.

There are many usual, foreseeable incidents of train travel which are attended by risks of injury but which do not give rise to liability for such injuries when they occur. Usual train travel is accompanied by jolts, lurches and swaying of the cars, and these involve risks of injury. But unless they be deemed "unusual" and "unnecessary", the carrier is not liable for injuries resulting from them. *Chesapeake and O. R. Co. v. Hay*, 248 *Ky.* 69, 58 *S.W.* 2d 228; *Viglas v. Boston, R. B. and L. R. Co.*, 270 *Mass.* 264, 169 *N.E.* 780; compare: *Cannon v. Delaware Elec. Power Co.*, 2 *Terry* 415, 24 *A.* 2d 325. The lurch, jolt and sway of the train as alleged in the declaration would seem to be no more than a usual, foreseeable incident of travel. Again there are risks of injury when passengers walk from one car to another while the train is in motion, and particularly when they are passing through doors of interconnecting cars. But to satisfy its duty of reasonable care, the carrier is not required to furnish passengers generally with an escort for this purpose, nor to station a doorman at each door to minimize the risk, nor to keep such doors continuously closed, or continuously open during

travel. Here, plaintiff says the door of the car was open and unfastened. There is no allegation that plaintiff had any reason to believe that it was secured in an open position. It would seem self-evident that such a door might swing, and might slam shut, upon lurches of the train in the usual course of its operation. Defendant was not obliged to warn plaintiff of something so obvious. On the contrary, the situation demanded prudence and appropriate precautionary action by plaintiff himself to avoid injury from such plainly foreseeable swinging of the door, upon the happening of expectable lurches of the train. I find no sufficient allegations of failure of duty, on defendant's part, to exercise reasonable care to secure plaintiff's safety. Compare: *Weinschenk v. New York, N. H. & H. R. Co.*, 190 *Mass.* 250, 76 *N.E.* 662; *Brehm v. Atchison, T. & S. F. Ry. Co.*, 111 *Kan.* 242, 206 *P.* 868, 25 *A.L.R.* 1056; *Hardwick v. Georgia Railroad & Banking Co.*, 85 *Ga.* 507, 11 *S.E.* 832.

 The demurrer further brings in question allegations of the declaration to the effect that plaintiff boarded the wrong train because he followed the directions of one of defendant's employees at the station. In his brief, plaintiff argues that these allegations are for the purpose of showing that he himself was in the exercise of due care. They do not accomplish this end, since due care of a passenger in choosing the train to board does not show due care in later walking through a door of a car, preparing to get off, which is the situation which gave rise to the injury complained of. The allegations may be treated as surplusage and subject to a motion to strike. In view of the determination of the substantial question, it is unnecessary to decide whether they also make the declaration demurrable. For the same reason, other causes of demurrer will not be considered.

An order sustaining the demurrer will be entered.